**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARMEN MITCHUSSON,

      Plaintiff-Appellant,

v.

ONEOK, INC.; ONEOK FIELD
SERVICES COMPANY,

      Defendants-Appellees.

No. 06-6156
(D.C. No. CIV-04-1759-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Plaintiff-appellant Carmen Mitchusson appeals from the district court's order granting summary judgment to defendants-appellees on her claims that they unlawfully refused to hire her based on her age and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Appellant worked for Chevron-Texaco for approximately twenty-six years, reaching the position of plant operator specialist at the Maysville Gas Complex. When ONEOK, Inc. took over the plant, appellant applied for one of the plant operator positions, but she was not hired. She was almost fifty-seven years old, which made her the oldest individual to apply for a plant operator position, and she was also the only woman to apply for a plant operator position. She filed this suit, asserting claims of age and gender discrimination.

Appellees moved for summary judgment. They conceded for the purposes of their motion that appellant had established a prima facie case of discrimination. They argued, however, that she failed to produce evidence to rebut their legitimate non-discriminatory reasons for not hiring her, which were that she expressed wariness or concern about the number of operators per shift ONEOK planned to use, and that she appeared to be less skilled or confident, and appeared to require more supervision, than the candidates selected. The district court rejected appellant's arguments that her evidence raised a factual question as to whether appellees' reasons were a pretext for unlawful discrimination and, accordingly, granted summary judgment to appellees. Appellant filed this appeal.

"We review the grant of summary judgment de novo, applying the same legal standard employed by the district court." *King v. PA Consulting Group,*

*Inc.*, 485 F.3d 577, 585 (10th Cir. 2007). "Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and reasonable inferences from the record must be drawn in favor of the non-moving party." *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007).

Appellant argues on appeal that: (1) she presented ample evidence that ONEOK's proffered reasons for failing to hire her were false, such that a jury could reasonably find that the proffered reasons were a pretext for unlawful discrimination; and (2) she presented ample evidence that ONEOK's hiring process impermissibly relied on subjective criteria and was replete with disturbing procedural irregularities, such that a jury could reasonably find that the proffered reasons were a pretext for unlawful discrimination.

We have reviewed appellant's arguments in light of the parties' materials and the governing law. We are unpersuaded by her claims of error and affirm the grant of summary judgment for substantially the same reasons thoroughly discussed by the district court in its March 31, 2006 order.

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge